# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2010

138260

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

DANIEL WIEDYK,
        Plaintiff-Appellant,

v

JOHN PAUL POISSON and TRAVERSE
CITY LEASING, d/b/a HERTZ,
        Defendants-Appellees.
_____/

SC: 138260
COA: 280214
Midland CC: 06-009751-NI

By order of August 20, 2009, the application for leave to appeal the January 6, 2009 judgment of the Court of Appeals was held in abeyance pending the decision in *McCormick v Carrier* (Docket No. 136738). On order of the Court, the case having been decided on July 31, 2010, 487 Mich ___ (2010), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the judgments of the Court of Appeals and the Midland Circuit Court, and we REMAND this case to the trial court for reconsideration in light of *McCormick*.

YOUNG, J. (*concurring*).

I reluctantly concur in this Court's order remanding this case for reconsideration in light of this Court's recent decision in *McCormick v Carrier*, 487 Mich ___ (2010). Although I joined and continue to subscribe to Justice MARKMAN's dissenting opinion in that case, *McCormick* now controls when a person may recover in tort for non-economic loss under the no fault act. The *McCormick* dissent astutely noted that "[b]y nullifying the legislative compromise that was struck when the no-fault act was adopted—a compromise grounded in concerns over excessive litigation, the overcompensation of minor injuries, and the availability of affordable insurance—the Court's decision today will restore a legal environment in which each of these hazards reappear and threaten the continued fiscal integrity of our no-fault system." The factual scenario presented in this case certainly brings to life these concerns and thus illustrates what is so troubling with the virtually standardless positions articulated in *McCormick*.

In this case, prior to the most current accident for which plaintiff is seeking non-economic damages (which occurred in 2005), plaintiff had been involved in 10 prior

accidents in the past 15 years, and those accidents occurred after he suffered a closed head injury at work rendering him disabled since 1979. As a result, plaintiff had serious medical injuries and ailments that rendered him seriously impaired for quite some time *before* the present accident. The trial court specifically found that the medical records made clear that previous events caused the ailments from which he suffered, and thus plaintiff's general ability to lead his normal life was not affected by the accident in question here. Because this determination is a person- and fact-specific inquiry, courts must recognize that plaintiff's pre-accident lifestyle was sedentary and his activities were highly restricted; this did not change after the 2005 accident. Thus, there is no *causation* between the 2005 accident and plaintiff's impairments because he was already seriously impaired prior to this accident as a result of many other prior accidents, as even one of plaintiff's own physicians conceded. Plaintiff's inability to show causation does not change even on remand for consideration in light of *McCormick*.

Nevertheless, because *McCormick* now governs the legal analysis that must be employed when addressing these issues, I feel compelled to allow the trial court to address this question anew. The majority's decision in *McCormick* to strip MCL 500.3135 of any meaningful limitation by removing the statutory limitations imposed by the Legislature produces a situation of seemingly unlimited liability that will require courts to wrestle with the question of what constitutes a "serious impairment of body function" without meaningful and defined guidance from their State's senior Court.

CORRIGAN and MARKMAN, JJ., join the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2010

d1124

Clerk